# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Susan G. Fischer, Jeanette Speck, on behalf of themselves and similarly situated,<br><br>　　　　　Plaintiffs,<br>v.<br><br>Phil Murphy, in his official capacity as Governor of New Jersey; New Jersey Education Association; Township of Ocean Education Association;<br><br>　　　　　Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT** |

## INTRODUCTION

1. On June 27, 2018, the Supreme Court held it unconstitutional for states and unions to compel public employees to pay union dues or fees as a condition of their employment. *Janus v. AFSCME, Council* 31, 138 S. Ct. 2448, 2486 (2018).

2. The State of New Jersey is defying *Janus* by maintaining and enforcing a law that compels public employees who previously signed dues deduction authorizations to pay union dues as a condition of their employment unless and until the employee provides written notice of revocation during an annual ten (10) day window period. In other words, New Jersey law prohibits many employees from exercising their First Amendment rights under *Janus* for 355-56 days of the year.

3. Defendant New Jersey Education Association is defying *Janus* by collecting union dues deducted from the wages of public employees who have provided notice that they do not want to financially support the union.

4. Plaintiffs Susan G. Fischer and Jeanette Speck are public school teachers who had union dues seized from them without their consent. Plaintiffs, on behalf of

themselves and similarly situated employees, bring this case to stop Defendants' violations of First Amendment rights and to seek redress for past violations.

## PARTIES

5. Plaintiffs reside and work in Monmouth County, New Jersey.

6. Defendant Phil Murphy is the Governor of the State of New Jersey, and is sued in his official capacity. His office address is P.O. Box 001, Trenton, New Jersey, 08625.

7. Defendant New Jersey Education Association ("NJEA") is a labor organization headquartered at 180 West State Street, Trenton, New Jersey, 08608.

8. Defendant Township of Ocean Education Association ("TOEA") is a labor organization and an affiliate of the NJEA. The TOEA has an office located at 1345 Campus Parkway, Ste 9, Wall Township, 07753.

## JURISDICTION AND VENUE

9. This Court has jurisdiction to adjudicate this case pursuant to 28 U.S.C. § 1331 because it arises under the United States Constitution, and 28 U.S.C. § 1343 because Plaintiffs seek relief under 42 U.S.C. § 1983. This Court has the authority under 28 U.S.C. §§ 2201 and 2202 to grant declaratory relief and other relief based thereon.

10. Venue is proper under 28 U.S.C. § 1391 because Defendants all reside in this judicial district.

## FACTUAL ALLEGATIONS

11. At all relevant times, New Jersey Statute Annotated Section 52:14-15.9e has mandated that the State, counties, municipalities, boards of educations, and other

public bodies shall, upon receiving written authorization from an employee, deduct union dues from the employee's compensation and remit those monies to the union.

12. Prior to May 18, 2018, New Jersey Statute Annotated Section 52:14-15.9e also provided that:

> Any such written authorization may be withdrawn by such person holding employment at any time by the filing of notice of such withdrawal with the above-mentioned disbursing office. The filing of notice of withdrawal shall be effective to halt deductions as of the January 1 or July 1 next succeeding the date on which notice of withdrawal is filed.

N.J. Stat. Ann. § 52:14-15.9e (prior to amendment by P.L. 2018, c.15, § 6, eff. May 18, 2018).

13. Effective May 18, 2018, New Jersey amended Section 52:14-15.9e to, among other things, strike the above quoted paragraph and substitute it with the following:

> Employees who have authorized the payroll deduction of fees to employee organizations may revoke such authorization by providing written notice to their public employer during the 10 days following each anniversary date of their employment. Within five days of receipt of notice from an employee of revocation of authorization for the payroll deduction of fees, the public employer shall provide notice to the employee organization of an employee's revocation of such authorization. An employee's notice of revocation of authorization for the payroll deduction of employee organization fees shall be effective on the 30th day after the anniversary date of employment.

N.J. Stat. Ann. § 52:14-15.9e (as amended by P.L. 2018, c.15, § 6, eff. May, 18, 2018). The above-quoted statutory requirement shall hereinafter be referred to as New Jersey's "revocation law."

14. Plaintiffs are school teachers employed by the Township of Ocean Board of Education in Monmouth County, New Jersey. The Township of Ocean Board of Ed-

3

ucation is a public employer and a board of education subject to New Jersey Statute Annotated Section 52:14-15.9e.

15. At all relevant times, Plaintiffs have been subject to the TOEA / NJEA's exclusive representation and are subject to the terms of the collective bargaining agreements the TOEA / NJEA has with their employer.

16. Prior to June 27, 2018, the TOEA / NJEA and Township of Ocean Board of Education required teachers to financially support the union and its affiliates pursuant to New Jersey Statute Annotated Sections 34:13A-1-5.6 to 5.8, which authorizes public employers and majority representatives to automatically deduct representation fees from the wages of public employees who are not union members.

17. After the Supreme Court's decisions in *Knox v. SEIU Local 1000*, 567 U.S. 298 (2012) and *Harris v. Quinn*, 134 S. Ct. 2618 (2014), Defendants should have known that representation fee requirements were unconstitutional under the First Amendment.

18. In or around September 1988, Plaintiff Fischer signed a NJEA membership application form that authorized membership in the NJEA and the deduction of union dues from her wages.

19. In or around September 1993, Plaintiff Speck signed a NJEA membership application form that authorized membership in the NJEA and the deduction of union dues from her wages.

20. But for compulsory representation fee requirements, Plaintiffs would not have become or remained members of the NJEA or authorized the deduction of un-

ion dues from their wages. Plaintiffs, instead, would have remained nonmembers and not subsidized the NJEA.

21. On information and belief, NJEA membership application forms, to include the form(s) Plaintiffs signed, did not state that employees had a First Amendment right not to subsidize the union and its speech or that the signatory was waiving that right by agreeing to the deduction of union dues from their wages.

22. On June 27, 2018, the Supreme Court in *Janus* held agency fee requirements unconstitutional under the First Amendment and that union dues or fees could not be collected or deducted from the wages of public employees without their consent. 138 S. Ct. at 2486.

23. In July 2018, Plaintiffs notified the NJEA and the Township of Ocean Board of Education that they resigned their union membership, revoked their dues deduction authorizations, and did not consent to any further deduction of union dues from their wages.

24. The Township of Ocean Board of Education and TOEA / NJEA refused to honor Plaintiffs' request that union dues not be deducted from their wages because of New Jersey's revocation law.

25. In August 2018, the Township of Ocean Board of Education informed Plaintiff Fischer that teachers can only revoke their dues deduction authorization pursuant to the mandates of the revocation law and that the Township would not honor teacher notices of revocation received prior to the ten (10) day period specified in the revocation law—i.e., not received during the ten (10) days following the anniversary

date of their employment.

26. The ten (10) day period following Plaintiffs' anniversary of employment was on or about September 1 to 10, 2018.

27. On or about September 4 2018, Plaintiffs again notified the Township of Ocean Board of Education and the NJEA that they did not consent to paying union dues or having union dues deducted from their wages.

28. Under the revocation law, Plaintiffs second revocation request could not be honored until the "30th day after the anniversary date of employment." N.J. Stat. Ann. § 52:14-15.9e.

29. In September 2018, the Township of Ocean Board of Education deducted union dues from Plaintiffs' wages and TOEA / NJEA collected those dues.

30. As a result of the revocation law, Plaintiffs had union dues seized from their wages without their consent and the TOEA / NJEA collected those dues.

## CLASS ACTION ALLEGATIONS

31. Plaintiffs bring this case on their own behalf and on behalf of others similarly situated, and seek the certification, under Federal Rules of Civil Procedure 23(b)(1)(A), (b)(1)(B), (b)(2), and (b)(3), of a "Class" that consists of all public employees in New Jersey who, at any time after June 27, 2018, provided notice that they did not consent to the deduction of union dues from their wages and subsequently had union dues deducted from their wages and remitted to the NJEA and its affiliates. Alternatively, Plaintiffs request certification of the class or subclass the Court deems appropriate.

32. The number of persons in the Class makes joinder of the individual Class members impractical.

33. There are questions of fact and law common to all Class members. Factually, all had union dues seized from them without their consent. The dispositive question of law is the same for the Plaintiffs and Class members: did this nonconsensual seizure of union dues violate their First Amendment rights?

34. Plaintiffs' claims are typical of Class members' claims because all claims concern whether the seizure of union dues from public employees without their consent violated their First Amendment rights under *Janus*.

35. Plaintiffs will adequately represent the interests of the proposed classes and have no interests antagonistic to the class.

36. A class action can be maintained under Rule 23(b)(1)(A) because separate actions by Class members concerning whether the First Amendment permits the seizure of union dues from nonconsenting public employees would risk inconsistent adjudications that could establish incompatible standards of conduct for the Defendants.

37. The Class can be maintained under Rule 23(b)(1)(B) because an adjudication determining the constitutionality of New Jersey's revocation law will as a practical matter, be dispositive of the interests of all Class members or substantially impair or impede their ability to exercise their First Amendment rights.

38. The Class can be maintained against the State of New Jersey under Rule 23(b)(2) because New Jersey, by maintaining and enforcing its revocation law, has

acted or refused to act on grounds that apply generally to members of the Class, so that final injunctive or declaratory relief is appropriate for the Class as a whole.

39. The Class can be maintained against the NJEA under Rule 23(b)(2) because the NJEA, by collecting union dues from individuals after they provide notice that they do not consent to paying union dues, has acted or refused to act on grounds that apply generally to Class members, so that final injunctive or declaratory relief is appropriate for the Class as a whole.

40. The Class can be maintained under Rule 23(b)(3) because the common questions of law and fact identified in the complaint predominate over any questions affecting individual Class members. A class action is superior to other available methods for the fair and efficient adjudication of the controversy because, among other things, all Class members are not only subjected to the same violation of their constitutional rights, but the amount of money involved in each individual's claim would also make it burdensome for class members to maintain separate actions. The amount of the unauthorized deductions taken from Plaintiffs and Class members is known to the NJEA.

## CAUSES OF ACTION

41. Plaintiffs reallege and incorporate by reference the paragraphs set forth above in each Count of their Complaint.

42. The NJEA and its affiliates, including TOEA, act under color of state law by contracting and coordinating with public employers to effectuate the deduction of union dues from employees' wages and by collecting union dues deducted by public

employers from employees' wages.

## COUNT I

### (Individual and Class Claim against the State of New Jersey)

43. The Supreme Court in *Janus* held that "[n]either an agency fee nor any other payment to the union may be deducted from a nonmember's wages, nor may any other attempt be made to collect such payment, unless the employee affirmatively consents to pay." 138 S. Ct. at 2486.

44. New Jersey's revocation law requires that union dues be deducted from the wages of employees who provide notice during 355-56 days of a given year that they do not consent to pay union dues.

45. New Jersey's maintenance and enforcement of its revocation law violates or violated Plaintiffs' and Class members' First Amendment rights to free speech and association, as secured against state infringement by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

46. Plaintiffs and Class members are suffering the irreparable harm and injury inherent in a violation of First Amendment rights, for which there is no adequate remedy at law, as a result of being subject to New Jersey's revocation law.

## COUNT II

### (Individual and Class Claim against the NJEA)

47. The NJEA and its affiliates, by collecting and having public employers deduct union dues from Plaintiffs and Class members at times after June 27, 2018, have violated and continue to violate Plaintiffs' and Class Members' First Amendment

rights to free speech and association, as secured against state infringement by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

48. Plaintiffs and Class members are suffering the irreparable harm and injury inherent in a violation of First Amendment rights, for which there is no adequate remedy at law, as a result of being forced to subsidize the NJEA and its speech without their consent.

## COUNT III

### (Individual Claim Against NJEA and TOEA)

49. The Supreme Court in *Janus* held that an employees' consent to pay union dues must meet the prerequisites of a waiver of First Amendment rights. 138 S. Ct. at 2486. To be effective, a waiver of First Amendment rights must be knowingly, clearly, and voluntarily made.

50. Plaintiffs did not knowingly, clearly, or voluntarily agree to waive their First Amendment right not to financially support the NJEA and its speech.

51. The NJEA and its affiliate TOEA, by collecting and having the Township of Ocean Board of Education deduct union dues from Plaintiffs, violated Plaintiffs' rights to free speech and association, as secured against state infringement by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs request that this Court:

A. Issue a declaratory judgment that New Jersey's revocation law is unconstitutional under the First Amendment, as secured against State infringement by the

Fourteenth Amendment and 42 U.S.C. § 1983, and unenforceable;

B. Issue a declaratory judgment that the NJEA and its affiliates, including the TOEA, violate the First Amendment, as secured against State infringement by the Fourteenth Amendment and 42 U.S.C. § 1983, by collecting union dues from public employees who provide notice that they do not consent to paying union dues.

C. Permanently enjoin the State of New Jersey from maintaining and enforcing its revocation law;

D. Permanently enjoin the NJEA and its affiliates, including the TOEA, from collecting union dues from public employees who provide notice or provided notice that they do not consent to pay union dues or to have union dues deducted from their wages;

E. Award nominal and compensatory damages;

F. Award Plaintiffs their costs and reasonable attorneys' fees pursuant to the Civil Rights Attorneys' Fees Award Act of 1976, 42 U.S.C. § 1988; and

G. Grant other and additional relief as the Court may deem just and proper.

Date: November 2, 2018

        By /s/ Michael P. Laffey
Michael P. Laffey
Messina Law Firm PC
961 Holmdel Road
Holmdel NJ 07733
Tel (732) 332-9300
mlaffey@messinalawfirm.com

and

William L. Messenger (Va. Bar. 47179)
  (Pro Hac Vice Motion to be filed)
Aaron B. Solem (#0392920)
National Right to Work Legal Defense
  Foundation
8001 Braddock Road, Suite 600
Springfield, VA 22160
Tel (703) 321-8510
wlm@nrtw.org
abs@nrtw.org

*Attorneys for Plaintiffs*